# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JIMMY DIXON | §<br>§ Civil Action No. 4:18-CV-634 |
| v. | § (Judge Mazzant/Judge Nowak)<br>§ |
| COMMISSIONER, SSA | §<br>§ |

**MEMORANDUM ADOPTING REPORT AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On August 24, 2019, the report of the Magistrate Judge (Dkt. #13) was entered containing proposed findings of fact and recommendations that the final decision of the Commissioner of the Social Security Administration be affirmed. Having received the report of the Magistrate Judge, having considered Plaintiff's Objections (Dkt. #14), and Defendant's Response (Dkt. #16), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

**OBJECTIONS TO REPORT AND RECOMMENDATION**

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). Objections to a report must specifically identify portions of the report and the basis for those objections. Fed. R. Civ. P. 72(b); *see also Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (explaining that if the party fails to properly object because the objections lack the requisite specificity, then de novo review by the court is not required.). In other words, a party objecting to a magistrate judge's report must specifically identify those findings to which he or she objects.

Moreover, the District Court need not consider frivolous, conclusory, or general objections. *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

Plaintiff argues that the Magistrate Judge erred in finding substantial evidence to support the ALJ's RFC determination and again advocates that the ALJ improperly substituted his lay opinion (Dkt. #14). Plaintiff specifically objects that "no doctor—treating, examining, or State Agency—opined [Plaintiff] could lift and carry 50 pounds occasionally and 25 pounds frequently, and frequently stand and walk" (Dkt. #14 at p. 4). Defendant advances that in challenging the report Plaintiff "essentially [argues], that any RFC finding in the absence of a medical opinion precisely matching that finding is necessarily unsupported" (Dkt. #16 at p. 2).

There has never been a requirement in the Fifth Circuit that an RFC precisely match an expert medical opinion. Here, the ALJ's opinion and Magistrate Judge's report discussed at length the conflicts between Dr. Lopez's and Dr. Lee's conflicting opinions (Dkt. #13 at pp. 4–5, 8–9, 11–15; TR pp. 29–37). The Magistrate Judge highlighted the ALJ's reliance on Dr. Lee's opinion that "Plaintiff ha[s] no exertional limitations" (Dkt. #13 at pp. 4, 12; TR pp. 41–42, 114–115). After recognizing the RFC finding was "neither an outright adoption of Dr. Lee, nor Dr. Lopez's opinion of Plaintiff's functional capacity, but clearly represent[ed] a consideration of all of the medical opinions in the record," the Magistrate Judge concluded the finding was supported by substantial evidence (Dkt. #13 at pp. 14–15). Plaintiff's objection, much like the argument raised in his initial brief to the Court, fails to consider the totality of the evidence in the record (Dkts. #10; #14). Further Plaintiff's reliance on *Ripley* wholly disregards Dr. Lee's opinion that Plaintiff had no exertional limitations. Indeed, as Defendant points out, "if a person has no exertional limitations, he should be able to perform at all exertional levels" (Dkt. #16 at p. 3). "If someone can do very heavy work, we determine that he or she can also do heavy, medium, light and

sedentary work." 20 C.F.R. § 404.1567. Also contrary to Plaintiff's assertion, *Butler* is distinguishable from the instant case—*Butler,* unlike here, was completely devoid of any medical opinion or other evidence that supported the RFC valuation. *Butler v. Barnhart*, 99 F. App'x 559 (5th Cir. 2004). Adopting Plaintiff's interpretation of *Butler* would require an ALJ to wholly adopt and/or match exactly the medical opinions in the record. The ALJ has sole responsibility for determining a claimant's RFC. *Newton v. Apfel*, 209 F.3d 448, 455-56 (5th Cir. 2000). The ALJ properly weighed the evidence and competing opinions and made a finding that was not identical to any one medical-source opinion. *See Fontenot v. Colvin*, 661 F. App'x 274, 277 (5th Cir. 2016); *Garcia v. Colvin*, 622 F. App'x 405, 410 (5th Cir. 2015); *Hatton v. Berryhill*, No. 2:16-CV-00276, 2018 WL 1449181, at *11 (N.D. Tex. Mar. 1, 2018), *report and recommendation adopted*, No. 2:16-CV-276-D, 2018 WL 1426963 (N.D. Tex. Mar. 22, 2018). Plaintiff's first objection is overruled.

Plaintiff also objects to the Magistrate Judge's failure to address whether Plaintiff was prejudiced by the ALJ's error. But, because the Court finds no error in the ALJ's assessment, Plaintiff's second objection is overruled.

## CONCLUSION

Having considered Plaintiff's Objections (Dkt. #14), Defendant's Response (Dkt. #16), all other relevant filings, and having conducted a de novo review, the Court adopts the Magistrate Judge's Report and Recommendation (Dkt. #13) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS SO ORDERED**.
SIGNED this 27th day of September, 2019.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE